### D. C. WISE COAL CO. et al. v. SMALL.

(Circuit Court of Appeals, Eighth Circuit. July 9, 1915.)

No. 4222.

BANKRUPTCY ☞164—PREFERENCES—ACTS CONSTITUTING.

Payments to creditors by a debtor, adjudged a bankrupt because the payments were acts of bankruptcy, are voidable preferences, where the creditors or their agents had reasonable cause to believe that the payments would effect a preference, and where a sale by the debtor of property and distribution of the proceeds to the creditors was in pursuance of a plan to pay the creditors who were residents, regardless of the rights of nonresident creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. ☞164.]

Appeal from the District Court of the United States for the Western District of Missouri; William H. Pope, Judge.

Action by Fred O. Small, trustee in bankruptcy of the Premier Lead & Zinc Company, against the D. C. Wise Coal Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Allen McReynolds, of Carthage, Mo., and Frank L. Forlow, of Webb City, Mo., for appellants.

Hiram W. Currey and George V. Farris, both of Webb City, Mo., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. This is an appeal from a decree of the District Court which adjudged that certain payments made to appellants by the Premier Lead & Zinc Company through a sale of property were voidable preferences. The case was referred to a special master, who made a report in favor of appellants. This report was not confirmed by the District Court, but vacated, and a decree entered as above stated.

The Zinc Company was adjudged a bankrupt for the reason that these same payments were acts of bankruptcy under subdivision 2, section 3, of the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 546 [Comp. St. 1913, § 9587]), so that the ruling of the District Court in this case was in harmony therewith so far as the Zinc Company is concerned. The important question in this proceeding was as to whether the appellants, or their agents, acting for them, had reasonable cause to believe that the payments would effect a preference. One cannot read the evidence without becoming convinced that appellants, or their agents, had reasonable cause to believe that the payments would effect a preference. It clearly appears from the evidence that the sale of the property and distribution of the proceeds was in pursuance of a plan to pay the local Missouri creditors, regardless of nonresident creditors.

After reading the evidence we have concluded that the District Court was right, and the judgment is therefore affirmed.